```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
                          FLORENCE DIVISION
```

| | | |
|---|---|---|
| Genille Fogo, | ) | Crim. No.: 4:15-cr-00764-RBH-2 |
| | ) | Civil Action No.: 4:16-cv-02730-RBH |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
|     Respondent. | ) | |

This matter is before the Court on Petitioner's [ECF No. 204] motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner seeks a two-level reduction in her guideline range under Amendment 794 to the United States Sentencing Guidelines based on her alleged "minor role" in the conspiracy.

On September 27, 2016, the government filed a response and motion to dismiss arguing that Petitioner waived her right to file a motion to vacate in her plea agreement. For the reasons stated below, the Court grants Respondent's motion to dismiss, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

## **Procedural History**

On February 29, 2016, Petitioner pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner's total offense level of 20 and criminal history category of I produced an advisory guideline range of 33 to 41 months in prison.

A sentencing hearing was held on June 2, 2016 at which the Court sentenced Petitioner to a

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

33 month term of imprisonment. Petitioner did not file a direct appeal.

Petitioner filed the instant motion to vacate on August 4, 2016.

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

## Discussion

Petitioner argues that under Amendment 794 to the United States Sentencing Guidelines, she should have received a two-level reduction in her guideline range based on her alleged "minor role" in the conspiracy. Amendment 794, which became effective on November 1, 2015, revised the

commentary to U.S.S.G. § 3B1.2 (mitigating role adjustments) and clarified the criteria regarding a defendant's eligibility for a mitigating role adjustment. Amendment 794 was in effect at the time Petitioner was sentenced. The PSR determined that Petitioner was not entitled to any role adjustments. Petitioner did not object to the PSR at sentencing and did not move for a downward departure or variance based on her alleged "minor role."

The government argues that Petitioner's motion to vacate should be dismissed because Petitioner waived her right to file a motion to vacate in her plea agreement.

The plea agreement contained an appeal/2255 waiver which stated:

> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

[Plea Agreement, ECF No. 130 at 6]. Generally, a thorough Rule 11 colloquy will establish whether an appeal/2255 waiver is knowing and voluntary. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Petitioner claims that she was not aware of the appeal/2255 waiver in her plea agreement. However, the Rule 11 colloquy indicates that Petitioner knowingly and voluntarily waived her right to file a § 2255 motion to vacate. [Plea Hearing Tr., ECF No 243 at 25, 27]. During the plea colloquy, Petitioner indicated she was aware of the appeal/2255 waiver, that she discussed it with her attorney, and that she agreed to give up those rights freely and voluntarily. *Id.* at 27-28. The Court finds that the instant § 2255 motion to vacate is barred by the appeal/2255 waiver contained in the plea agreement. Accordingly, Petitioner's motion to vacate under 28 U.S.C. § 2255

3

is due to be dismissed.

Because Petitioner did not raise this issue on direct appeal, the Court also finds that Petitioner's claim is procedurally defaulted as Petitioner has failed to demonstrate cause and prejudice for her failure to raise the issue in the district court or on direct appeal.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 244] motion to dismiss is **GRANTED** and Petitioner's [ECF No. 204] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

August 8, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge